```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

KENNETH L. BURKITT, *et al.*                           CIVIL ACTION

VERSUS                                                 NO. 03-2483

FLAWLESS RECORDS, INC., *et al.*                       SECTION: I

### ORDER AND REASONS

Before the Court is a motion for clarification, reconsideration and/or relief from the Court's order and reasons entered on June 13, 2005, filed on behalf of plaintiffs, Kenneth L. Burkitt, Jr. and Sean D. Sammon, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1]

The background facts of this action have previously been detailed by the Court (*See* Rec. Doc. No. 114). On June 13, 2005, the Court, among other things, granted Scantlin's and Puddle of Mudd's motion for summary judgment against Sammon based on a settlement and release agreement (the "agreement" or "settlement agreement"). Over one month later, on July 20, 2005, plaintiffs move for reconsideration.

---

[1] Rec. Doc. No. 129.

"The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider *in haec verba*, but the Fifth Circuit has held that a motion to reconsider a dispositive motion may be classified under either Rule 59 or Rule 60, depending upon the time of filing." *Duncan v. United States Dep't of Defense*, No. Civ. A. 03-3373, 2004 WL 2452773, *1 (E.D. La. Oct. 29, 2004). As plaintiffs recognize, their motion is brought pursuant to Rule 60(b). *See id.* (noting that such a motion is brought pursuant to Rule 60 when it is filed more than ten days after the entry of judgment). Rule 60(b) provides in part that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgement, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The only provision of Rule 60(b) applicable to plaintiffs' motion appears to be the second subsection, i.e. the newly discovered evidence provision.

In their motion for reconsideration, plaintiffs contend that defendants' motion to dismiss, which the Court converted into a motion for summary judgment, did not address claims based upon

the agreement.  However, Sammon has not alleged, even in the alternative, claims **based on** the settlement agreement.[2]  To the contrary, Sammon's accounting claims, as well as all of his other claims against Scantlin and Puddle of Mudd, were predicated on his contention that the agreement itself was null and void.

"[Rule 60(b)] motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.  Moreover, they cannot be used to argue a case under a new legal theory."  *Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005) (internal quotations omitted).  Therefore, any claims based on the agreement, which Sammon now asserts for the first time in a motion to reconsider, are not before the Court, and are inappropriate for a motion to reconsider.

Plaintiffs further suggest that there is newly discovered evidence which shows that defendants are commercially exploiting the works of the earlier incarnation of Puddle of Muddle of which plaintiffs were a part.  However, plaintiffs have not identified any newly discovered evidence.  While plaintiffs claim that they have found evidence which shows defendants are commercially exploiting the composition and performance works of Puddle of Mudd, their motion and supporting memorandum only allege new evidence based upon their information and belief.  Plaintiffs,

---

[2] See Rec. Doc. No. 27.

however, have presented no affidavits, nor any other evidence, in support of their motion.  Without any evidence, the Court cannot evaluate plaintiffs' purported newly discovered evidence or determine whether plaintiffs were diligent in discovering such evidence.  Therefore, plaintiffs' unsupported allegations are insufficient to satisfy the requirements of Rule 60(b)(2).

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that plaintiffs' motion for reconsideration, clarification, and/or relief is **DENIED**.

New Orleans, Louisiana, August __23rd__, 2005.

```
                              _____
                                    LANCE M. AFRICK
                              UNITED STATES DISTRICT JUDGE
```